UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES MCCOY,

                        Petitioner,

        -v-                                              No. 02 Civ. 7066 (RJS) (RLE)
                                                         <u>MEMORANDUM AND ORDER</u>
CHARLES GREINER, Superintendent,
Green Haven Correctional Facility,

                        Respondent.

<u>RICHARD J. SULLIVAN</u>, District Judge:

        *Pro se* petitioner James McCoy ("Petitioner") seeks a writ of *habeas corpus* pursuant to 28

U.S.C. § 2254 challenging his May 21, 1996 conviction in the Supreme Court of the State of New

York, Rockland County. On October 25, 2006, the Honorable Ronald L. Ellis, Magistrate Judge,

issued a Report & Recommendation ("Report") denying the petition in its entirety. For the reasons

that follow, the Court rejects Petitioner's objections and adopts the Report in its entirety.

I.  BACKGROUND

        On May 21, 1996, Petitioner was convicted in the Supreme Court of the State of New York,

Rockland County, of four counts of murder in the second degree; robbery in the first degree; burglary

in the first degree; two counts of attempted sexual abuse in the first degree; and grand larceny in the

fourth degree. Petitioner was sentenced to a term of imprisonment that included both consecutive

and concurrent indeterminate sentences, totaling a period of forty-one and one-half years to life. He

is currently serving that term at Shawangunk Correctional Facility in Wallkill, New York.

        On August 26, 2003, Petitioner filed his amended petition. He asserts in his amended

petition that his conviction in state court violated his rights to: (1) be free from unlawful seizures

under the Fourth Amendment; (2) be free from unlawful searches under the Fourth Amendment; (3)

have scientifically reliable evidence presented pursuant to *Frye v. United States*, 293 F. 1013 (1923); (4) have legally sufficient evidence establish his guilt beyond a reasonable doubt for the attempted sexual abuse charges; (5) have legally sufficient evidence establish his guilt beyond a reasonable doubt; (6) a fair trial; (7) disclosure of exculpatory materials under *Brady v. Maryland*, 373 U.S. 83 (1967); and (8) disclosure of exculpatory materials under the Fourteenth Amendment. The amended petition was referred to the Honorable Ronald L. Ellis, Magistrate Judge, for review. On October 25, 2006, Judge Ellis issued the Report, recommending that the amended petition be denied. Judge Ellis gave the parties ten days to file objections to the Report and warned that the failure to file timely objections would constitute a waiver of those objections in both the District Court and on appeal to the United States Court of Appeals. (*See* Report at 17-18.) On November 1, 2006, Petitioner submitted a letter to the Court requesting an additional forty-five days to file his objections. (*See* Petitioner's November 1, 2006 Letter.) On November 10, 2006, the Honorable Kenneth M. Karas, District Judge, granted the request and gave Petitioner until December 31, 2006, to file any objections to the Report. (*See id.*)

The case was reassigned to the undersigned from Judge Karas on September 4, 2007. On October 24, 2007, the Court issued an order adopting the Report in its entirety after reviewing the Report for clear error only, stating that no objections to the Report had been filed by Petitioner. On November 5, 2007, the Court received a letter from Petitioner indicating that he had, in fact, submitted objections to the Report in a timely fashion, as demonstrated by a copy of a certified mail receipt indicating that he had mailed the objections to Judge Karas on December 26, 2006. Accordingly, on November 6, 2007, the Court vacated the October 24, 2007 Order and the case was reopened. Thus, Petitioner's objections are deemed timely filed, though that fact is not reflected on

the docket sheet, and this memorandum and order follows.

## II. DISCUSSION

### A. Standard of Review

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate's findings, the court must undertake a *de novo* review of Petitioner's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). *Pro se* filings are generally accorded leniency; however, where the objections are "conclusory or general," or where the Petitioner "simply reiterates his original arguments," the Report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie, No. 96 Civ. 0324 (LTS) (THK)*, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).

Petitioner asserts seven objections to the Report. Two of Petitioner's objections — his claim relating to the type of DNA test used and his claim for ineffective assistance of counsel — are barred because they assert new arguments that were not raised in the amended petition. *See Chisolm v. Headley,* 58 F. Supp. 2d 281, 284 n.2 (S.D.N.Y. 1999) ("[A] petitioner is not permitted to raise an objection to a magistrate judge's report that was not raised in his original petition.") (citing *Harris*

*v. Pulley*, 885 F.2d 1354, 1377-78 (9th Cir. 1989)); *see also Lloyd v. Artus*, No. 06 Civ. 3888 (JSR),

2008 WL 892396, at *1 (S.D.N.Y.. Apr. 1, 2008); *Riggi v. United States*, No. 04 Civ. 7852 (JSR),

2007 WL 2245595, at *1 (S.D.N.Y. Aug. 6, 2007) ("Because petitioner failed to raise this issue in

his original petition, however, he cannot do so now for the first time in an objection to the Report.").

None of Petitioner's remaining objections specifically address Judge Ellis's findings or make

objections to the Report itself with any specificity. Rather, Petitioner has simply reiterated

arguments previously presented in his amended petition or in the state courts. Accordingly, the

Court will review the Report for clear error with respect to these remaining objections.[1]

## B. Analysis

### 1. The DNA Test

Petitioner asserts two distinct arguments relating to the DNA testing procedures at trial.

First, Petitioner argues that his constitutional right to due process was violated when the trial court

refused to exclude the results of DNA testing on the grounds that one step in the DNA testing

process, the "product verification gel" process, was not used. (Pet.'s Objs. at 1-5; 29-32.) Because

the Court finds that Petitioner has merely repeated his original argument that the trial court erred in

admitting the DNA evidence, the Court will apply the clear error standard. Under that standard, the

Court finds that Judge Ellis did not err in finding no error in the state courts' rejection of Petitioner's

claim on appeal. Specifically, Judge Ellis found that New York State uses the test articulated in *Frye*

*v. United States*, 293 F. 1013 (1923) to determine the reliability of scientific evidence. (*See* Report

at 13.) Judge Ellis pointed out that, at the *Frye* hearing conducted by the trial court, the trial court

---

[1] Though the Court finds that the clear error standard is appropriate, the Court has also undertaken a *de novo* review of Petitioner's objections and finds them to be without merit.

found that the product verification gel step was only recommended, and not mandatory. (*Id.* (citing

*Frye* Hr'g Tr. at 103-04).) Judge Ellis found that the trial court's determinations of fact on this issue

were not unreasonable, and thus that the evidence was properly admitted. (*Id.* at 13-14.) Judge Ellis

further noted that the Appellate Division also found that the evidence presented against Petitioner

was legally sufficient to affirm the conviction. (*Id.* at 14.) The Court finds no clear error in these

findings and thus adopts this portion of the Report.

Second, Petitioner contends that Judge Ellis failed to address the fact that "the test kit used

(Amplitype Polymarker Test) in the case at bar had not been sufficiently validated to be consider[e]d

as generally accepted." (*Id.* at 1.) The Court notes that Petitioner did not raise this argument in the

amended Petition, nor did Judge Ellis consider it in the Report. Accordingly, this argument is

barred. *See Chisolm,* 58 F. Supp. 2d at 284 n.2; *see also Lloyd*, 2008 WL 892396, at *1; *Riggi*, 2007

WL 2245595, at *1.

## 2. *Brady* Material

In his next objection, Petitioner contends that the prosecution failed to disclose material

pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150

(1972). Specifically, Petitioner assert that the assistant district attorney (1) did not correct witness

Troy Campbell when he testified that he was receiving no consideration for his testimony (Pet.'s

Objs. at 8), and (2) did not disclose "[t]he full details of the cooperation agreement between [the

assistant district attorney] and Troy Campbell," particularly that the district attorney's office was

"asking the Prosecutor's office in New Jersey [which was prosecuting Campbell on unrelated

charges], to afford Campbell CONSIDERATION for his testimony" in Petitioner's case (*id.* at 7-8).

Petitioner's arguments merely reiterate the original arguments presented in the Petition and do not

raise any new objections to the Report. Accordingly, the Court will review this portion of the Report for clear error.

Judge Ellis found that, "[a]lthough the prosecution failed to correct Campbell when he testified that he was receiving no consideration for his testimony, this does not rise to the level of a *Brady* violation because all agreements between Troy Campbell and the Rockland County District Attorney's Office were disclosed at trial." (Report at 16 (citing Trial Tr. at 2036-40).) As noted by Judge Ellis, a review of the trial transcript reflects that evidence of Campbell's cooperation was presented directly to the jury. Campbell was asked "[w]ere you told that your cooperation in this case would be made known to the prosecutors in New Jersey?" to which Campbell responded, "Yes." (*See* Trial Tr. at 2039-40.) Judge Ellis further noted that "[e]vidence is not suppressed for *Brady* purposes if the petitioner was informed of the evidence." (Report at 17 (citing *United States v. Esposito*, 834 F.2d 272, 275 (2d Cir. 1987))); *see also Strickler v. Greene*, 527 U.S. 263, 281-82 (1999) ("There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."). In addition, as Judge Ellis reasoned, even if the prosecution had failed to disclose any *Brady* material, Petitioner would be entitled to a new trial only "'if there [was] a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" (Report at 17 (quoting *United States v. Bagley*, 473 U.S. 667, 676-82 (1985))); *see also Esposito*, 834 F.2d at 276; *United States v. Rodriguez*, 538 F. Supp. 2d 674, 677 (S.D.N.Y. 2008). Judge Ellis found that no such reasonable probability existed here, and this Court agrees. Accordingly, the Court finds no clear error in these findings, and this portion of the Report

6

is adopted.

### 3. Summation

Petitioner asserts that "the prosecutor's statement[s] during summation denied [him] a fair trial." (Pet.'s Objs. at 12-15.) Again, Petitioner makes no specific objection to Judge Ellis's findings, but rather merely rehashes the same arguments presented in his Petition on the propriety of the prosecutor's summation. As such, the Court will apply the clear error standard to this objection. Where a petitioner challenges a prosecutor's comments at summation by alleging that they denied the petitioner due process, the comments must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 169 (1986). Judge Ellis found that in this case, the challenged comments either were properly responsive to defense counsel's summation, or asked the jury to draw reasonable inferences from the evidence. Thus, Judge Ellis found that the comments did not deprive Petitioner of due process. The Court finds no clear error in this finding. Accordingly, the Court adopts this portion of the Report.

### 4. Fourth Amendment Objections

Petitioner contends that his arrest was unlawful because police obtained permission from a third party to enter his motel room (Pet.'s Objs. at 16-22), and that physical evidence that was seized from his person and from his home was unlawfully obtained (*id.* at 23-28). The Court will apply the clear error standard to these claims as well, given that Petitioner's objections raise no new arguments and merely reiterate arguments presented in the Petition. In reviewing Petitioner's Fourth Amendment claims, Judge Ellis found that Petitioner was barred from raising these claims in his *habeas* petition, as the arguments were fully and fairly litigated at a suppression hearing, at trial, and

on appeal by the state courts. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."); *Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992) (holding that Fourth Amendment claims are reviewable only "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process."). The Court identifies no clear error in Judge Ellis's finding, and thus adopts this portion of the Report.

### 5. Ineffective Assistance of Counsel

Finally, Petitioner argues that he received ineffective assistance of counsel at trial on various grounds. Petitioner's claims of ineffective assistance were not raised in his original or amended Petition, and were not considered by Judge Ellis in the Report. Moreover, in an order issued August 9, 2004, Judge Ellis denied Petitioner's application for a stay of the *habeas* proceedings to allow him to file a writ of *coram nobis* to exhaust his ineffective assistance of counsel claims. (*See* August 9, 2004 Order.) Judge Ellis pointed out that Petitioner had previously been granted a stay during which he should have exhausted his claim for ineffective assistance of counsel. Given Petitioner's failure

to do so, Judge Ellis concluded that "in seeking to stay this proceeding a second time, McCoy has been 'unjustifiably dilatory in seeking to raise his ineffective assistance of counsel claims.'" (August 9, 2004 Order (quoting *Escobar v. Senkowski*, No. 02 Civ. 8066 (LAK) (THK), 2004 WL 1698626, at \*3 (S.D.N.Y. July 28, 2004).) Accordingly, because Petitioner did not raise the ineffective assistance of counsel claim properly in the amended petition, and because he did not challenge Judge Ellis's August 9, 2004 order denying his request for a stay, Petitioner's claims regarding ineffective assistance of counsel are barred. *Chisolm*, 58 F. Supp. 2d at 284 n.2; *Lloyd*, 2008 WL 892396, at \*1; *Riggi*, 2007 WL 2245595, at \*1.

## III. CONCLUSION

For the foregoing reasons, the Report is adopted in its entirety and the amended petition is denied. In addition, because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253, and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Moreover, as Petitioner's claims lack any arguable basis in law or fact, permission to proceed *in forma pauperis* on appeal is also denied. 28 U.S.C. § 1915(e)(2); *see also In re Seimon*, 421 F.3d 167, 169 (2d Cir. 2005). The Clerk of the Court is respectfully directed to enter judgment in favor of the respondent and to close this case.

SO ORDERED.

Dated:     June 2, 2008
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

9

Copies of this order have been mailed to:

James McCoy
(96-A-3717)
Shawangunk Correctional Facility
P.O.Box 700
Wallkill, NY 12589


Ann C. Sullivan, Esq.
Senior Assistant District Attorney
Rockland County
County Office Building
1 South Main Street, Suite 500
New City, New York 10956